FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 25 2016 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CREGORY COLE,

      Plaintiff,

   -against-

NIALL J. BOURKE, Badge #8713, and
JOHN P. BARRETT,

      Defendants.
------------------------------------------------------------X

ORDER
13-CV-00104(JFB)(AKT)

JOSEPH F. BIANCO, District Judge:

  *Pro se* plaintiff Cregory Cole ("plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 on January 2, 2013. On March 23, 2015, defendants moved for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff opposed the motion on April 20, 2015. On May 29, 2015, the Court referred the motion to Magistrate Judge Kathleen A. Tomlinson for a Report and Recommendation ("R&R").

  Judge Tomlinson issued her R&R on January 27, 2016, recommending to the Court that (1) defendants' Rule 12(c) motion be converted to a Rule 56 motion for summary judgment; (2) summary judgment be granted to defendants; and (3) the amended complaint be dismissed, with prejudice. The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*See* R&R at 33.) Plaintiff submitted an objection on February 19, 2016.

## I. STANDARD OF REVIEW

  A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written

1

objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). When a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## II. ANALYSIS

The Court has reviewed plaintiff's objection. Plaintiff does not object to the conversion of defendants' Rule 12(c) motion to a Rule 56 motion for summary judgment,[1] but states that he requests summary judgment be granted in his favor and that he be permitted to amend his complaint. Plaintiff also reiterates his claims of false arrest and false imprisonment. Specifically, plaintiff states "I have yet to see any Proof of Claim nor Bona Fide Affidavit to support Defendants claim or Conflict of Interest that was requested by plaintiff." Beyond this general objection, plaintiff provides no additional arguments.

After reviewing plaintiff's objection, and having reviewed the entire R&R *de novo*, the Court agrees with Magistrate Judge Tomlinson's analysis and recommendation that (1) defendants' Rule 12(c)

---

[1] In any event, a court may take judicial notice of the arrest warrant and the Nassau County Charter. *See, e.g., Smith v. City of New York*, No. 13-CV-2395 (SJ)(RER), 2014 WL 4904557, at *3-4 (E.D.N.Y. Sept. 30, 2014) (taking judicial notice of arrest warrant); *Spring v. County of Monroe, New York*, 59 F. Supp. 3d 559, 561 n. 1 (taking judicial notice of the Monroe County Charter).

motion be converted to a Rule 56 motion for summary judgment; (2) summary judgment be granted to defendants; and (3) the amended complaint be dismissed, with prejudice.

III. CONCLUSION

For the foregoing reasons, after *de novo* review, IT IS HEREBY ORDERED that the Court adopts the well-reasoned and thorough R&R in its entirety. Accordingly, the defendant's Rule 12(c) motion is converted to a Rule 56 motion for summary judgment, summary judgment is granted to defendants, and the amended complaint is dismissed, with prejudice. The Clerk of Court shall close the case.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: February 25, 2016
Central Islip, New York